\*\*E-Filed 2/23/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS and/or its assigns; BANK OF AMERICA and/or its assigns, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; AND DOES 1-20, INCLUSIVE,<br><br>    Defendants. | Case Number 5:10-cv-04400-JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND VACATING HEARING DATE<br><br>[Re: Docket No. 18] |

This action arises from a loan secured by the residence of Plaintiff Chris Monet ("Plaintiff"). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Countrywide Home Loans, Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively,

---

[1]   This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-04400-JF (HRL)
ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND VACATING HEARING DATE
(JFLC1)

"Defendants")  move to dismiss all claims in Plaintiff's first amended complaint ("FAC"). Plaintiff alleges violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*.; the Real Estate and Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*.; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*; the Securities Act of 1933, 15 U.S.C. § 77(a), *et seq.*; the Securities Exchange Act of 1934, 15 U.S.C. § 78(a); Cal. Civ. Code § 2937; and related claims.  In addition, he seeks a judicial declaration that the loan in question is unenforceable and an injunction preventing Defendants from foreclosing upon his home.  The Court concludes that this motion is appropriate for determination without oral argument and will vacate the hearing date of February 25, 2011.  *See* Civ. L.R. 7-1(b).

Pursuant to Civ. L.R. 7-3(a), Plaintiff was required to file opposition to Defendants' motion at least twenty-one days before the noticed hearing date of February 25, 2011– here, not later than February 4, 2011.[2]  Plaintiff maintains that he manually filed an opposition brief with the Clerk's office on February 2, 2011, but the brief does not appear on the docket.[3]  There is no indication that a copy was served on Defendants or that proof of service was filed on that date.[4] On February 11, 2011, Defendants filed a statement of non-opposition, explaining that they had yet to receive an opposition brief from Plaintiff.[5]  Plaintiff filed his opposition and served Defendants with a copy on February 14, 2011.

It is not clear from the official record that Plaintiff filed an opposition brief prior to February 14, 2011.  However, even accepting his statement that he did, Defendants did not

---

[2] Plaintiff was reminded of his filing obligations by the Court at a case management conference on January 21, 2011.

[3] Letter submitted by Plaintiff regarding opposition to Defendants' motion to dismiss, Dkt. 26.

[4] Plaintiff has not sought the Court's permission to electronically file documents in this action. Therefore, he had an obligation to deliver or mail a copy of his opposition to Defendants and provide a certificate of service at the time of filing. *See* Civ. L.R. 5-5, 5-6.  In the above-referenced letter Plaintiff does not state that he served Defendants with a copy of his opposition or that he submitted proof of service on February 2, 2011.

[5] Statement of Non-Opposition to Defendants' Motion to Dismiss, Dkt. 24.

1  receive a copy, rendering the brief deficient for lack of service. *See* Civ. L.R. 5-5, 5-6.
2  Moreover, it appears that the substance of the opposition brief fails to rebut the arguments raised
3  by Defendants in their motion.

4  Accordingly, the motion to dismiss will be granted, with leave to amend. Any amended
5  pleading shall address the deficiencies noted in Defendants' moving papers and shall be filed
6  within twenty (20) days after the date of this order. Because Plaintiff already has been afforded
7  an opportunity to amend his complaint and failed to oppose Defendants' motion to dismiss his
8  original complaint, further leave to amend will not be granted absent a substantial showing of
9  good cause.

## **ORDER**

For good cause shown,

(1) the motion to dismiss Plaintiff's First Amended Complaint is GRANTED, WITH LEAVE TO AMEND;

(2) Defendants' request for judicial notice in support of the motion to dismiss Plaintiff's First Amended Complaint is TERMINATED as moot

(3) any amended pleading shall be filed within twenty (20) days after the date of this order; and

(5) the hearing date of February 25, 2011 is VACATED

DATED:   February 23, 2011

_____
JEREMY FOGEL
United States District Judge

3

Case No. 5:10-cv-04400-JF (HRL)
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND VACATING HEARING DATE
(JFLC1)