1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 3/29/2011**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS and/or its assigns; BANK OF AMERICA and/or its assigns, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; AND DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case Number 5:10-cv-04400-JF (HRL)<br><br>ORDER[1] DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER<br><br>[Re: Docket No. 32] |

This action arises from a loan secured by the residence of Plaintiff Chris Monet

("Monet"). The residence is located at 25111 Soquel San Jose Road Los Gatos, California

95033 ("the Property"). Monet seeks a temporary restraining order ("TRO") to enjoin

Defendants Countrywide Home Loans ("Countrywide"), Bank of America, N.A., ("BOA"), and

---

[1] This disposition is not designated for publication in the official reports.

1  Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") from

2  conducting a non-judicial foreclosure on the Property.   For the reasons set forth below, the

3  application will be denied.

## I. LEGAL STANDARD

5          The standard for issuing a TRO is the same as that for issuing a preliminary injunction.

6  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii

7  2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323

8  (N.D. Cal. 1995).  A preliminary injunction is "an extraordinary remedy that may only be

9  awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res.*

10 *Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "The proper legal standard for preliminary

11 injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2]

12 that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the

13 balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"

14 *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at

15 374)).  Recently, the Ninth Circuit reaffirmed that within this framework a preliminary

16 injunction also is appropriate when a plaintiff demonstrates "that serious questions going to the

17 merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby

18 allowing district courts to preserve the status quo where difficult legal questions require more

19 deliberate investigation. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (2010).

## II. DISCUSSION

21         On February 22, 2011, Defendants conducted a trustee's sale of the Property.  Monet

22 seeks to set aside the sale and enjoin Defendants from taking any right in the Property that is

23 adverse to his interests.  His TRO application is based on several legal theories.

24         His primary claim appears to be that Defendants lack standing to foreclose on the

25 Property.  The loan at issue was made by Countrywide in July 2006.  Second Amended

26 Complaint ("SAC") at 2:21-26.  MERS was listed as a beneficiary on the deed of trust. *Id.* at

27 3:13-21.  According to the SAC, at some point MERS authorized Recon Trust Company, N.A.

28 ("Recon Trust") to serve as its agent in conducting the trustee's sale. *Id.*  at 8:5-6, 12:14-13:15;

2

1    Application for TRO at 5, Dkt. 32.  Monet argues that MERS lacked authority to enlist Recon

2    Trust because MERS was not a true beneficiary according to the terms and conditions listed on

3    its website, which state that "[s]ince MERS acts as nominee for the true beneficiary, it is

4    important that the Trustee's Deed upon Sale be made in the name of the true beneficiary and not

5    MERS." SAC at 12:8-10.

6        It is unclear from the SAC or from the TRO application why MERS–the named

7    beneficiary on the deed of trust–lacked authority to commence foreclosure proceedings.  Case

8    law suggests strongly that MERS did in fact possess such authority.  *See  Roybal v. Countrywide*

9    *Home Loans, Inc.*, No. 2:10-CV-750-ECR-PAL,  2010 WL 5136013, at *4, (D. Nev. Dec. 9,

10   2010) ("there is a near consensus among district courts in this circuit that while MERS does not

11   have standing to foreclose as a beneficiary, because it is not one, it does have standing as an

12   agent of the beneficiary where it is the nominee of the lender, who is the true beneficiary");

13   *Morgera v. Countrywide Home Loans, Inc*., No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348,

14   *8  (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have

15   standing to foreclose as the nominee of the lender.") (citations omitted); *Gomes v. Countrywide*

16   *Home Loans, Inc.*, No. D057005, 2011 WL 566737, at *5 (Cal. App. 4 Dist. Feb. 18, 2011)

17   ("MERS is the owner and holder of the note as nominee for the lender, and thus MERS can

18   enforce the note on the lender's behalf.") (citing *Morgera* at *8).  Monet also claims that actual

19   possession of the promissory note is a condition precedent to enforcing the note.  "However,

20   under California law, there is no requirement that the trustee have possession of the physical note

21   before initiating foreclosure proceedings." *Gandrup v. GMAC Mortg.*, No. 11-CV-0659-LHK,

22   2011 WL 703753, at *2 (N.D. Cal. Feb. 18, 2011).

23       Separately, Monet argues that Defendants fraudulently withheld or misrepresented key

24   information regarding his loan in violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

25   ("TILA").  SAC 6:5-20.  He claims that as a consequence of this alleged fraud, he is entitled to

26   rescind the loan, and that he has attempted to pursue this right by delivering a rescission letter to

27   Defendants.  *Id.*; Application for TRO at 8, Dkt. 32.  However, TILA rescission claims are

28   subject to a three-year statute of limitations.  15 U.S.C. § 1635(f) ("An obligor's right of

3

1    rescission shall expire three years after the date of consummation of the transaction or upon the

2    sale of the property, whichever occurs first"); *See also* Reg. Z §§ 226.15(a)(3), 226(a)(3).  The

3    loan transaction at issue here occurred in 2006.  While Monet is correct that the statute of

4    limitations is subject to equitable tolling when fraudulent concealment is alleged,  *See Reynolds*

5    *v. Applegate*, No. C 10-04427 CRB, 2011 WL 560757, at *2 (N.D. Cal. Feb. 14, 2011)

6    ("Equitable tolling of civil damages claims under TILA may suspend the limitations period until

7    the borrower discovers or had a reasonable opportunity to discover the fraud or

8    nondisclosures."), Monet has not alleged sufficient facts to permit the application of equitable

9    tolling here.  Conclusory allegations that Defendants made untrue statements and otherwise

10   omitted material information are not enough.  Fed. R. Civ. P. 9(b) requires that "[i]n all

11   averments of fraud . . . the circumstances constituting fraud . . . shall be stated with

12   particularity."

13        Monet argues that Defendants cannot foreclose on the Property because they have

14   violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA") by

15   failing to respond to his Qualified Written Request ("QWR").  Under RESPA, loan servicers

16   "ha[ve] a duty to respond to a borrower's inquiry or 'qualified written request.' 12 U.S.C.

17   § 2605(e)."  *Keen v. Amer. Home Mortgage Servicing, Inc.*, 664 F. Supp. 2d 1086 (E.D. Cal.

18   2009).  To qualify as a QWR, correspondence must meet particular requirements.  *See* 12 U.S.C.

19   § 2605(e).  Although Monet alleges conclusorily that he sent a QWR to Defendants to determine

20   how and when payments were made and/or applied, he does not allege facts indicating that his

21   correspondence satisfied any of the elements of a QWR.

22        Finally, Monet claims that the trustee's sale was procedurally defective because

23   Defendants failed to notify him of the sale in accordance with Cal. Civ. Code. § 2923.5 and

24   failed to offer him a loan modification pursuant to Cal. Civ. Code § 2923.6.  As an initial matter,

25   "[t]here is nothing in section 2923.5 that even hints that noncompliance with the statute would

26   cause any cloud on title after an otherwise properly conducted foreclosure sale.... [T]he *only*

27   remedy provided is a postponement of the sale before it happens."  *Paik v. Wells Fargo Bank*,

28   *N.A.*, No. C 10-04016 WHA, 2011 WL 109482, at *4 (N.D. Cal. Jan. 13, 2011) (citing *Mabry v.*

4

1    *Superior Court*, 185 Cal.App.4th 208, 235 (2010) (emphasis in original)).   Here, Monet alleges

2    that the sale already has occurred.  Moreover, "[n]umerous district courts have concluded that

3    Section 2923.6 does not require loan servicers to modify loans and does not create a private right

4    of action for borrowers." *Roberts v. JP Morgan Chase Bank, N.A.*, Nos. 09-CV-01855-LHK,

5    09-CV-01879, 2011 WL 864949, at *4 (N.D. Cal. Mar. 11, 2011) (citing *Jacobs v. Bank of*

6    *America, N.A.*, No. C10-04596 HRL, 2011 WL 250423, at *3 (N.D. Cal. Jan.25, 2011);

7    *Washington v. Nat'l City Mortgage Co.*, No. C 10-5042 SBA, 2010 WL 5211506, at *5 (N.D.

8    Cal. Dec.16, 2010); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1188 (N.D.

9    Cal. 2009)).  "[Section] 2923.6 imposes no duty on lenders, enforceable by borrowers, to offer or

10    execute a loan modification, but merely expresses the hope that lenders will do so when a

11    modification may be beneficial to all parties." *Roberts* at *4.

12        Because Monet has not shown that he is likely to succeed on the merits in his attempt to

13    set aside the trustee's sale, he has not shown that he is entitled to injunctive relief.

14                               **III. ORDER**

15        The application for entry of a temporary restraining order is DENIED.  Should he choose,

16    Monet may file a properly noticed motion for preliminary injunction pursuant to Civ. L.R. 7-2.

17    Any such motion should be calendared for May 13, 2011, concurrent with the scheduled hearing

18    on Defendants' motion to dismiss.

19

20    **IT IS SO ORDERED**.

21

22    DATED:   March 29, 2011

23                                     JEREMY FOGEL
                                    United States District Judge

24

25

26

27

28

1
2
3
4
**IN THE UNITED STATES DISTRICT COURT**
5
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6
**SAN JOSE DIVISION**
7

8  CHRIS MONET

Case Number 5:10-cv-04400-JF (HRL)

9                          Plaintiff,

CERTIFICATE OF SERVICE

10            v.

11  COUNTRYWIDE HOME LOANS and/or its
    assigns; BANK OF AMERICA and/or its
12  assigns, MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC.; ALL
13  PERSONS UNKNOWN CLAIMING ANY
    LEGAL OR EQUITABLE RIGHT, TITLE,
14  ESTATE, LIEN, OR INTEREST IN THE
    PROPERTY DESCRIBED IN THE
15  COMPLAINT ADVERSE TO PLAINTIFFS'
    TITLE OR ANY CLOUD ON PLAINTIFFS'
16  TITLE THERETO; AND DOES 1-20,
    INCLUSIVE,
17                        Defendants.
18

19        I, the undersigned, hereby certify that I am an employee of the Office of the Clerk,
    United States District Court, Northern District of California.
20
          On March 29, 2011, I served a true and correct copy of the attached document to each of
21  the persons hereinafter listed by placing said copy in a postage paid envelope and depositing
    said envelope in the United States mail, or by placing said envelope in the outgoing mail
22  delivery receptacle located in the Clerk's Office:

23  Chris Monet
    Po Box 63765
24  Scots Valley, CA 95067

25  DATED: March 29, 2011                    For the Court
                                             Richard W. Weiking, Clerk
26
                                             By: _____/s/_____
27                                           Diana Munz
                                             Courtroom Deputy Clerk
28

6